IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **TYGRIS ASSET FINANCE, INC.** <br> **10 WATERVIEW BOULEVARD** <br> **PARSIPPANY, NJ, 07054** | * <br><br> * | |
| **PLAINTIFF,** | * | |
| v. | * | **CASE NO.:** _____ |
| **WASHINGTON CARDIOVASCULAR** <br> **INSTITUTE, LLC** <br> **7610 CARROLL AVENUE, SUITE 100** <br> **TAKOMA PARK, MD 20912** | * <br><br> * <br> * | |
| *SERVE ON RESIDENT AGENT:* <br><br> **MUBASHAR CHOUDRY** <br> **7610 CARROLL AVE.** <br> **TAKOMA PARK, MD 20912** | * <br><br> * <br><br> * | |
| **DEFENDANT.** | * <br> * | |

## COMPLAINT

Plaintiff, Tygris Asset Finance, Inc. ("TAF"), by its attorneys, hereby sues defendant, Washington Cardiovascular Institute, LLC ("Washington Cardiovascular") and states:

### PARTIES

1. Plaintiff TAF is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Parsippany, New Jersey. TAF is qualified to do business in Maryland.

2. Defendant Washington Cardiovascular is a limited liability company organized under the laws of the State of Maryland, with its principal place of business located in Takoma Park, Maryland.

216610_4

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff TAF is a Delaware corporation with its principal place of business located in New Jersey, and Washington Cardiovascular is a citizen of Maryland. All issues of law and fact are among citizens of different states.

4. Venue is proper in the District of Maryland under 28 U.S.C. § 1391 because a substantial part of the events giving rise to TAF's claims occurred in this district.

5. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

**FACTS**

6. Pursuant to an Equipment Lease dated April 18, 2005 (the "Lease"), Washington Cardiovascular leased from MarCap Corporation ("MarCap") certain equipment more fully described in the Lease (collectively, the "Equipment"). A copy of the Lease is attached as Exhibit 1 and incorporated herein by reference.

7. Pursuant to an Asset Purchase Agreement dated May 8, 2008 (the "Purchase Agreement"), MarCap assigned to TAF all of MarCap's right, title, and interest in and to: (a) the Lease; (b) the Equipment and other documents executed in connection with the Lease; and (c) all amounts due under the Lease and related documents. A copy of the Purchase Agreement is attached as Exhibit 2 and incorporated herein by reference.

8. Washington Cardiovascular breached the terms of the Lease by, among other things, failing to make payments to TAF when and as due.

9. In accordance with the terms of the Lease, TAF accelerated the balance due under the Lease and demanded payment thereof by Washington Cardiovascular.

10. Washington Cardiovascular failed and refused to make payment, despite demand therefor.

11. As a direct and proximate result of Washington Cardiovascular's breach of the Lease, TAF has suffered injury in the amount of $169,359.53 as of January 15, 2014, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by TAF in enforcing its rights under the Lease.

12. TAF's economic injury increases so long as the obligations owed by Washington Cardiovascular remain unpaid.

13. The Lease entitles TAF to immediate possession of the Equipment upon Washington Cardiovascular's default. Due to Washington Cardiovascular's breach of the Lease, Washington Cardiovascular is in default thereof, and, as a result, TAF is entitled to immediate possession of the Equipment.

14. The Equipment has an approximate fair market value of $10,000.00 assuming average wear and tear.

## COUNT I
**(BREACH OF CONTRACT AGAINST WASHINGTON CARDIOVASCULAR UNDER THE LEASE)**

15. TAF incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

16. Washington Cardiovascular defaulted on its obligations to TAF under the Lease by, among other things, failing to make payments to TAF when and as due, despite demand therefor.

17. Washington Cardiovascular failed and refused to pay the amounts owing to TAF under the Lease.

18.     Washington Cardiovascular's default under the Lease has injured TAF in the amount of $169,359.53 as of January 15, 2014, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by TAF in enforcing its rights under the Lease.

WHEREFORE, plaintiff Tygris Asset Finance, Inc. respectfully requests that this Court enter an order:

    A.     Granting judgment in its favor and against Defendant Washington Cardiovascular Institute, LLC, in the amount of $169,359.53, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by TAF in enforcing its rights under the Lease; and

    B.     Granting such other and further relief as this cause may require.

## COUNT II
### (REQUEST FOR WRIT OF REPLEVIN AGAINST WASHINGTON CARDIOVASCULAR)

19.     TAF incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count II.

20.     The Lease entitles TAF to immediate possession of the Equipment upon Washington Cardiovascular's default.  Due to Washington Cardiovascular's breach of the Lease, Washington Cardiovascular is in default thereof, and, as a result, TAF is entitled to immediate possession of the Equipment.

21.     Washington Cardiovascular unjustly retains possession of the Equipment without authorization or permission of TAF.

22.     As a direct and proximate result of Washington Cardiovascular's unjust detention of the Equipment, TAF has suffered and will continue to suffer injury in the amount of $10,000.00, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by TAF in enforcing its rights under the Lease.

WHEREFORE, plaintiff Tygris Asset Finance, Inc. respectfully requests that this Court:

A. Promptly schedule a hearing with prior notice to Defendant Washington Cardiovascular Institute, LLC to determine whether a writ of replevin should be issued for the immediate seizure and delivery of the Equipment to TAF;

B. Enter judgment in favor of TAF and against Defendant Washington Cardiovascular Institute, LLC for the recovery of possession of the Equipment, and awarding final possession of the Equipment to TAF;

C. Award TAF damages for the wrongful detention of the Equipment, and enter judgment in TAF's favor and against Defendant Washington Cardiovascular Institute, LLC, in the amount of $10,000.00, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by TAF in enforcing its rights under the Lease; and

D. Grant such other and further relief as this cause may require.

      /s/ Steven N. Leitess
Steven N. Leitess, Fed. Bar No. 05856
Gordon S. Young, Fed. Bar No. 14866
Pierce C. Murphy, Fed. Bar No. 30030
Leitess Friedberg PC
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
Steven.leitess@lf-pc.com
Gordon.young@lf-pc.com
Pierce.murphy@lf-pc.com

*Attorneys for Tygris Asset Finance, Inc.*